

**NUMBER 13-13-00023-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DANIEL GOMEZ,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                     **Appellee**.

---

**On appeal from the 197th District Court
of Willacy County, Texas**.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam**

Appellant, Daniel Gomez, attempts to appeal his conviction for aggravated assault. We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a

timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Sentence in this matter was imposed on August 11, 2009. No motion for new trial was filed. Notice of appeal was filed on December 17, 2012. On January 16, 2013, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3. Appellant's notice of appeal, filed more than three and a half years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210.

Additionally, the trial court has certified that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On January 16, 2013, this Court notified appellant's counsel of the trial court's certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification.

On February 7, 2013, counsel filed a letter brief with this Court. Counsel's response does not establish that the certification currently on file with this Court is incorrect or that appellant otherwise has a right to appeal. Thus, even if appellant had timely perfected an appeal, his appeal would have been prohibited by Rule 25.2, which provides that an appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The appeal is DISMISSED FOR WANT OF JURISDICTION. Counsel for appellant's motion to withdraw is GRANTED.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 28th
day of February, 2013.

3